# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| **DESTINY CHRISTESON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-05087-CV-SW-MDH-SSA |
| | ) |
| **ANDREW SAUL,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's Attorney's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b). (Doc. 20). Plaintiff's Attorney seeks $15,040.50. Section 206(b)(1)(A) of the Social Security Act, 42 U.S.C. § 406(b)(1)(A), provides that a court may award a "reasonable" attorney fee not in excess of 25% of past-due benefits under Title II of the Social Security Act for an attorney's representation of a plaintiff for Title II benefits before that court. In *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817 (2002), the Supreme Court set forth the method for calculating a "reasonable" 42 U.S.C. § 406(b) fee. Plaintiff's Attorney asserts and demonstrates that their request is consistent with *Gisbrecht* and Defendant agrees. (Doc. 21).

As Plaintiff has acknowledged, when an attorney receives fees under both the Equal Access to Justice Act and § 406(b), the attorney must refund the smaller fee to the claimant. *See Gisbrecht*, 535 U.S. at 796. Plaintiff's Attorney was previously awarded $4,921.15 awarded in Equal Access to Justice Act fees. Therefore, Plaintiff's Attorney's Motion is **GRANTED**, and it is **ORDERED** that Plaintiff's Attorney is awarded $15,040.50. Plaintiff's Attorney is further **ORDERED** to reimburse Plaintiff for $4,921.25 awarded in Equal Access to Justice Act fees.

**IT IS SO ORDERED.**

Dated: November 6, 2020          _/s/ Douglas Harpool_
                                 **DOUGLAS HARPOOL**
                                 **United States District Judge**